# JANUARY TERM, 1865, AT DETROIT.

### Francis D. Boardman v. John A. Acer.

*Separate judgments against joint trespassers — execution on one, bar to action on the other.* — Where separate judgments are obtained against two or more joint trespassers, the suing out of an execution on one of them, is an election by the plaintiff to enforce that judgment, and no action will afterwards lie on the others.

*Submitted July* 12, 1864. *Decided January* 28.

Error to Kent Circuit.

The action was debt, upon a judgment rendered in the State of New York. The defendant, (plaintiff in error,) under a special notice attached to his plea, offered to show that the trespass, for which said judgment was rendered, was committed by him jointly with Josiah Snell and Elijah A. Hawkins, and that the plaintiff, (defendant in error,) in a separate suit àgainst said Snell and Haw-. kins, for said trespass, also obtained judgment, in the State of New York, against them; and that two executions had been sued out upon said judgment, against Snell and Hawkins — one before and one since the rendition of the judgment in suit, — which had been placed in the hands of the sheriff for collection. To the admission of this testimony, an objection was interposed, which was sustained by the Court, and defendant excepted.

Judgment for the plaintiff.

*Walker & Kent,* for plaintiff in error:

The question is, whether the issue of an execution

against one of several joint trespassers, against whom several judgments have been recovered, is a satisfaction of the other judgments.

The question seems to have been settled in New York, in the case of *Livingston v. Bishop*, 1 *Johns.*, 290. It is there held that separate judgments may be recovered against joint trespassers, and that the plaintiff may select the judgment he deems preferable, and by issuing execution on this, the other judgments, except as to costs, are discharged.

The authority of this case has been recognized in later decisions. — 6 *Johnson*, 26 ; 7 *Cowen*, 344 ; *Osterhout v. Roberts*, 8 *Cowen*, 43.

It has never been called in question in any case in that State. It must, therefore, still be considered as law there.

There are many cases in other States, and in England, which maintain the New York doctrine, or go beyond it. *Page v. Freeman*, 19 *Mis.*, 421 ; *White v. Philbrick*, 5 *Greenleaf*, 147 ; *Wright v. Lathrop*, 2 *Ham.*, 33 ; *Wilkes v. Jackson*, 2 *Hening & Munf.*, 355 ; *Ammonett v. Harris*, 1 *Hening & Munf.*, 488 ; *Broome v. Wooton, Yelverton*, 67 ; *Buckland v. Johnson*, 80 *Eng. Com. Law*, 145.

*E. Smith, Jr.*, and *D. C. Holbrook*, for defendant in error:

The only question presented to the Court is, whether the issuing of an execution, on one of several judgments recovered for the same wrong and trespass, operates, and is a satisfaction of the damages, as to the other judgments.

The decisions on this subject are not numerous, and the older decisions very conflicting. It will be observed, however, that in the later decisions, the bearing continually tends to place judgments, for the same tort, on the same footing as judgments on contract, and nothing short of a satisfaction of one judgment will discharge the damages as to, or recovery against, the others.

The following are the latest cases on the subject, and the facts are almost the same as in the present case: *Sheldon v. Kibbe*, 3 *Conn. R.*, 214; *Sanderson v. Caldwell*, 2 *Aiken R.*, 195; *Osterhout v. Roberts*, 8 *Cowen R.*, 43; *Sharp v. Gray*, 5 *B. Monroe R.*, 4.

The following are the principal American cases, and they refer to about all the prior cases: *Livingston v. Bishop*, 1 *John R.*, 290; *Marsh v. Berry*, 7 *Cowen R.*, 344; *White v. Philbrick*, 5 *Greenleaf R.*, 147; *Wright v. Lathrop*, 2 *Ham. R.*, 33; *Hopkins v. Hersey*, 20 *Maine*, 449.

CHRISTIANCY J. :

Can a plaintiff, who has sued several joint trespassers in separate actions, recovered separate judgments, and taken out execution upon one of them, but failed to obtain satisfaction, sustain an action upon any of the other judgments?

This is the only question in the case. There is some conflict in the cases upon this point; but, after a careful examination of the authorities, we are satisfied that the great preponderance of authority is against the right to maintain the action in such a case. When separate actions are brought against several joint trespassers, there is nothing which requires the damages recovered in one of the actions, to be measured or limited by those in the others. The amounts recovered will, therefore, almost of necessity, be different, and generally are so. Aside from a few cases, which hold the mere recovery of a judgment against one joint trespasser to be a bar to any action against another, (which we do not think can be supported upon principle or authority,) almost all the cases seem to agree that the plaintiff may sustain separate actions against the several joint trespassers, though he can have but one satisfaction; but he may elect *de melioribus damnis*, and must elect

which judgment he will enforce; and having made his election of one, he cannot resort to the others.

On a first view, it would seem plausible that the plaintiff should be allowed, as in cases of separate judgments against different parties for the same debt, (as, for example, makers and endorsers,) to proceed with the enforcement of his executions upon all his judgments, until one satisfaction is obtained. But in the latter class of cases, the judgments being for the same amounts, the plaintiff is not put to his election. In the case of several judgments against joint trespassers, the suing out of an execution is held, and we think properly held, to constitute an election in favor of the judgment upon which it is issued. It would lead to much confusion, and great practical difficulties, to attempt to carry out and enforce this election, if it were made to depend upon any fact occurring after that time. If several executions were issued upon all the judgments at the same time, or successively, would the plaintiff be held to have elected in favor of that upon which property should be first seized? This might not be his act, but rather that of the sheriff. If part of the money be made upon the smaller execution, could the sheriff proceed to collect the whole of the larger, or only enough to pay the balance upon the smaller? If part be first made upon the larger, could the sheriff proceed to collect, on the smaller, enough to make the balance, provided such balance did not exceed the smaller? It is easy to see that such a course of proceeding would be difficult to be sustained upon any idea of election between the judgments, and that it would lead to many embarrassing questions, especially as the executions might be in the hands of different officers, and even in different States.

We think, therefore, the evidence offered by the defendant below, in pursuance of his notice, was improperly

excluded. The judgment must, therefore, be reversed, with costs, and a new trial granted.

The other Justices concurred.