## Renfrow, et al. v. Condor.

(Decided May 13, 1913).

### Appeal from Ohio Circuit Court.

Action—Against Joint Wrongdoers—Joint or Several May Be Brought —Estoppel.—A party injured by the conduct of joint wrongdoers may proceed against them in joint or several actions, and if he elects to sue one of them separately, this will not estop him from afterwards seeking a recovery against the others, unless he accepts satisfaction from the one first sued or the one against whom judgment is first obtained or in some way his claim is satisfied before he seeks relief against the others.

G. B. LIKENS, BEN. D. RINGO and LIKENS & CROWE for appellants.

ERNEST WOODWARD, M. L. HEAVRIN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This appeal involves purely questions of fact. It appears that the appellee, Leroy Condor, on account of his age and feebleness, was unable to attend to his business, and having several lien notes of one hundred dollars each, he assigned six of these notes to his son, J. W. Condor. It further appears that J. W. Condor owed the appellant, Renfrow, four hundred dollars, and soon after obtaining possession of these notes, he assigned four of them to Renfrow in satisfaction of the debt. As soon as Leroy Condor discovered that his son had transferred these notes to Renfrow for the purpose stated, he brought a

suit against J. W. Condor to recover possession of the notes, and it was found by the jury on the trial of this suit that Leroy Condor had "turned over the notes to the defendant, J. W. Condor, to be collected by him and to account to his father, the plaintiff, Leroy Condor, for the amount of them," and thereupon a judgment was entered on this verdict in favor of Leroy Condor against J. W. Condor for four hundred dollars and interest.

After this Leroy Condor brought this suit in equity against Renfrow, in which he averred that J. W. Condor was insolvent and that an execution on the judgment against him had been returned "no property found." He further averred that when Renfrow took an assignment of the notes from J. W. Condor he knew that J. W. Condor had no right to assign them, and that he was holding them simply as his agent for the purpose of collecting them for his benefit and account. He asked that Renfrow be compelled to deliver the notes to him, or if not, that he have judgment against him for the amount of them.

For answer to this suit Renfrow merely traversed the averments of the petition. On hearing the case, after the evidence was in, the lower court gave judgment against Renfrow for four hundred dollars and interest, and he appeals.

Leroy Condor, the only material witness in his own behalf, testified in substance that being unable to look after his business, he concluded to transfer to his son, J. W. Condor, six of the one hundred dollar notes, and did so under an agreement that his son would collect the money on them, and after paying his debts, account to him for the balance; that he and his son went to Renfrow, and after he had stated the arrangement between them, Renfrow, acting for him, wrote an assignment on the notes, and also wrote out and gave to him a statement showing the date and amount of the notes he had thus assigned; that Renfrow knew the condition under which the notes had been assigned; that soon after this his son collected two of the notes and accounted for the proceeds, and assigned the other four to Renfrow, and as soon as he learned of the assignment of the notes to Renfrow, he at once went to see Renfrow about it, and not getting any satisfaction, brought, first the suit against his son before mentioned, and then this suit against Renfrow.

Renfrow admits writing the assignment on the notes and the statement, but denies that Leroy Condor told

him the purpose for which they were assigned, and says he supposed they were assigned to J. W. Condor for the purpose of investing him with the title and the right to do with them as he pleased; that J. W. Condor owed him a debt of four hundred dollars, and he took these notes in settlement of that debt. But, in reading the whole of his evidence, the impression is left on the mind that he either knew or at least had some idea that the notes were assigned to J. W. Condor for the reasons and with the intention stated by Leroy Condor. In short, his evidence is not satisfactory that he was an innocent purchaser, and it also appears that if he is required to account for these notes, he will not be prejudiced so far as his debt against J. W. Condor is concerned.

J. W. Condor, who testified in behalf of Renfrow, said in substance that his father gave him the notes, and that he had the right to assign them in settlement of his debt.

We have read the evidence carefully and have reached the conclusion that the chancellor correctly held that Renfrow had sufficient information of the purpose of the assignment of the notes at the time the transaction occurred to put him on notice that J. W. Condor did not have authority to transfer them to him in settlement of his debt, and, therefore, in taking them he does not occupy the attitude of an innocent purchaser. It is true, the notes were assigned in writing in the usual way by Leroy Condor to J. W. Condor, but this circumstance does not aid Renfrow because he wrote the assignment, and, as testified to by Leroy Condor, was then advised why the assignment was made.

The further fact that Leroy Condor had Renfrow give him a statement of the date and amount of the notes is a strong circumstance tending to show that something must have been said at the time the notes were assigned indicating the purpose of the assignment, as it is an unusual thing for the assignor of a note, who transfers unconditionally the title to another party to require the assignee to give him a statement showing the date and amount of the note.

It is further argued in behalf of Renfrow that when Leroy Condor brought suit against J. W. Renfrow and obtained the judgment referred to, this was an election on his part to look alone to J. W. Condor for the notes or their value, and he could not thereafter proceed against Renfrow. We do not think, however, that the doctrine of election is applicable to this transaction. The case

for Leroy Condor is predicated on the theory that J. W. Condor and Renfrow were both wrongdoers, and a party may proceed against joint wrongdoers severally or jointly. He can sue them separately or in one action. If he elects to sue one of them separately, this will not estop him from afterwards seeking a recovery against the others, unless he accepts satisfaction from the one first sued or the one against whom judgment is first obtained, or in some way his claim is satisfied before he seeks relief against the others.

The judgment is affirmed.