VERHOEKS v. GILLIVAN.

JUDGMENT—PLAINTIFF FAILING TO OBTAIN SATISFACTION ON EXECUTION MAY HAVE SUBSEQUENT EXECUTION AGAINST JOINT WRONGDOER ON SEPARATE JUDGMENT.

A plaintiff, who has obtained separate judgments against joint tort-feasors and who has caused an execution to issue against one of them, but failed to obtain satisfaction thereon, may have a subsequent execution against one or more of the other judgment debtors; overruling the case of *Boardman* v. *Acer*, 13 Mich. 77, in so far as it conflicts herewith.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted June 7, 1928. (Docket No. 47, Calendar No. 33,798.) Decided October 1, 1928.

As to effect of judgment against one joint tort-feasor upon liability of other, see annotation in 58 L. R. A. 410; L. R. A. 1918 D, 308.

On the rule as to effect of payment of, or proceedings to collect, judgment against one tort-feasor as release of others, see annotation in 27 A. L. R. 805.

Case by Gerrit Verhoeks against Leone Gillivan for personal and other injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Dunham & Cholette,* for appellant.

*Charles E. Misner* and *Corwin, Norcross & Cook,* for appellee.

NORTH, J. This case presents a single question of law, to wit: Can a plaintiff, who has obtained separate judgments against joint tort-feasors and who has caused an execution to issue against one of them, but failed to obtain satisfaction thereon, have a subsequent execution against one or more of the other judgment debtors?

This suit was tried before the court without a jury and judgment was rendered for the plaintiff. Exceptions were properly reserved and the defendant reviews by writ of error. An agreed statement of facts has been filed, the material portions of which are as follows: The plaintiff herein obtained a judgment in a separate suit against Allen O. Gillivan in the sum of $1,232.53. That case was based upon the alleged negligence of Allen O. Gillivan while operating a motor vehicle resulting in damage to plaintiff's automobile. After judgment the plaintiff caused a writ of *capias ad satisfaciendum* to be issued, upon which writ Gillivan was taken into custody. On the succeeding day he obtained his freedom by giving a jail limits bond. He immediately filed a petition in voluntary bankruptcy, and later, having been adjudicated a bankrupt, was discharged as such, thus ending his liability upon the judgment recovered against him. The bankrupt's estate was practically without assets, and the plaintiff's judgment was and still is wholly unsatisfied. After the release of Allen O. Gillivan, this suit was commenced against his wife, Leone Gillivan. At the time of

the accident, out of which this litigation arises, she was the lawful owner of the motor vehicle then being driven by her husband, and was legally responsible for the resultant damage. At the time of instituting the suit against Allen O. Gillivan, the plaintiff herein knew that the automobile was owned by Mrs. Gillivan. Neither the question of negligence nor the amount of damages is a matter of dispute in the present case. The sole question presented is that first above indicated.

There is a distinct conflict in the authorities as to whether the issuing of an execution against one of several defendants in cases arising from liability as joint tort-feasors will be held to be an election by the plaintiff and a bar to subsequent executions against any of the other defendants. It was held in the early Michigan case of *Boardman* v. *Acer,* 13 Mich. 77 (87 Am. Dec. 736), that issuing execution against one of several defendants was a bar to seeking satisfaction of the judgment from any of the others. We quote the syllabus:

"Where separate judgments are obtained against two or more joint trespassers, the suing out of an execution on one of them is an election by the plaintiff to enforce that judgment, and no action will afterwards lie on the others."

The *Boardman Case* is cited with approval in *Kenyon* v. *Woodruff,* 33 Mich. 310; but it should be noted in the latter case it is clearly stated that not only was the execution issued, but its satisfaction was assured. However, in a later Michigan case it is stated that the prevailing doctrine in this country is that the plaintiff has a right to have his judgment *satisfied.*

In *Blackman* v. *Simpson,* 120 Mich. 377 (58 L. R. A. 410), Justice MOORE said:

"The authorities are not agreed whether the bringing of a suit against one will prevent bringing a second suit against others. Some of them hold the bringing of the first suit is an election, which will preclude the bringing of other suits. See 2 Black, Judgm. § 780. Justice Kent stated the rule to be that the party injured may bring separate suits against the wrong-doers, and proceed to judgment in each, and that no bar arises as to any of them until satisfaction is received. *Livingston* v. *Bishop,* 1 Johns. (N. Y.) 290 (3 Am. Dec. 330). This is the prevailing doctrine in this country. Cooley, Torts (2d Ed.), 159."

If no bar arises until satisfaction is obtained, then issuing an execution against one defendant, unless it is satisfied, does not foreclose seeking satisfaction from another defendant. It is stated by various annotators, and it seems clear, that the weight of authority in American courts is in accord with the doctrine that the plaintiff has the right to have actual satisfaction of his judgment, and that an unsuccessful attempt to collect from one of the defendants is not a bar to obtaining an execution against another of the joint wrongdoers. *Lovejoy* v. *Murray,* 3 Wall. (U. S.) 1; *Sessions* v. *Johnson,* 95 U. S. 347; *Cole* v. *Construction Co.,* 156 Cal. 443 (105 Pac. 255); *Sheldon* v. *Kibbe,* 3 Conn. 214 (8 Am. Dec. 176); *Cushing* v. *Hederman,* 117 Iowa, 637 (91 N. W. 940, 94 Am. St. Rep. 320); *Ketelsen* v. *Stilz,* 184 Ind. 702 (111 N. E. 423, L. R. A. 1918 D, 303, Ann. Cas. 1918 A, 965); *Renfrow* v. *Condon,* 153 Ky. 701 (156 S. W. 385); *Cleveland* v. *City of Bangor,* 87 Me. 259 (32 Atl. 892, 47 Am. St. Rep. 326); *Hyde* v. *Noble,* 13 N. H. 494 (38 Am. Dec. 508); *Russell* v. *McCall,* 141 N. Y. 437 (36 N. E. 498, 38 Am. St. Rep. 807); *Brison* v. *Dougherty,* 3 Baxter (Tenn.), 93; *Sanderson* v. *Caldwell,* 2 Aik. (Vt.) 195; *Sherman* v. *Brett,*

7 Wis. 139; see notes in 58 L. R. A. 410; 27 A. L. R. 805. In some of the States earlier decisions to the contrary have been overruled by their more recent adjudications. See *Ketelsen* v. *Stilz, supra,* and *Cleveland* v. *City of Bangor, supra.*

The following from the note in 58 L. R. A. at page 430, is a fair presentation of the status of authorities:

"The rule, as laid down in England, is that a judgment in an action against one of several joint tort-feasors is a bar to an action against the others for the same cause, although such judgment remains unsatisfied. There are a few scattering cases in conflict. * * * The American rule, sustained by the great weight of authority, is that nothing short of full satisfaction or its equivalent can make good a plea of former judgment in tort, offered as a bar in an action against another joint tort-feasor who was not a party to the first judgment.

"While the grounds of the decisions under the English rule seem artificial and unsatisfactory (for details see note), the American cases offer equitable and convincing reasons for their course, viz.: The liability of tort-feasors for a joint tort is joint and several. The injured party has the right to pursue them jointly or severally at his election, and recover separate judgments; but, the injury being single, he may recover but one compensation. Therefore, he may elect *de melioribus damnis* and issue his execution accordingly, but if he obtains only partial satisfaction he has not precluded himself from proceeding against another cotort-feasor; his election of the first judgment concluding him only as to the amount he may receive, and whatever has been paid must apply *pro tanto* upon his further recovery."

As indicated in *Blackman* v. *Simpson,* 120 Mich. 377 (58 L. R. A. 410), we think the American rule, as above stated, is the prevailing rule, and should be

adopted as the law of this State. Nothing short of actual satisfaction of the judgment by one of the joint tort-feasors should bar the injured party from having recourse to court process against the other trespassers. To hold otherwise is to deny the injured party the practical and just fruits of his adjudicated rights. Present day developments, especially in the motor vehicle, render the determination of this question of law of serious importance. The joint trespassers may live in foreign jurisdictions and reliable information as to their respective financial responsibility may be almost unobtainable. This being true, the law should not countenance and much less compel an election by the injured party among the joint wrongdoers which will absolutely free all but one of them and will entirely defeat recovery if that one happens to prove uncollectible. The following is quoted with approval:

"The rule adopted by the majority of American courts commends itself to the judgment of this court. It seems reasonable to hold that the injured party should be entitled to one compensation, and no good reason has been suggested to show why an ineffectual attempt to collect a judgment rendered against one of several joint tort-feasors should operate to bar further proceedings against another who is jointly liable. An eminent text-writer, in discussing this question, says:

" 'A few * * * cases * * * decide that the mere issuing of an execution is a conclusive election to consider the defendant as exclusively responsible. But a majority of them (the American cases) discountenances this manifest absurdity. * * * How vain and elusive the law must be which declares the right of an injured party to proceed severally against every person concerned in committing an injury, which sustains him until the liability of every wrong-

doer is severally determined and evidenced by a final judgment, and which, after thus "holding the word of promise to his ear breaks it to his hope," by forbidding him to attempt the execution of either judgment, upon penalty of releasing all the others.' Freeman on Judgments, 236." *Ketelsen* v. *Stilz,* 184 Ind. 702 (111 N. E. 423, L. R. A. 1918 D, 303, Ann. Cas. 1918 A, 965).

In so far as it is in conflict herewith, the case of *Boardman* v. *Acer, supra,* should be considered overruled.

The judgment of the lower court is affirmed, with costs to the appellee.

FEAD, C. J., and FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. WIEST, J., concurred in the result.