SCOTT DILLINGHAM v. L. H. GARDNER.

(Filed 30 September, 1942.)

**Judgments §§ 29, 32—**

A former judgment, in an action between plaintiff herein, then suing as sole trustee for a corporation, and defendant herein and another, adjudicating that a transaction between plaintiff and defendant was a purchase and sale and not a loan, is *res judicata* in the present action by plaintiff individually, seeking to recover usurious interest on the same transaction, where it appears that the interest of the plaintiff herein and of the company of which he was trustee in the former suit are in no way different, but are at least in privity.

APPEAL by plaintiff from *Phillips, J.,* at May Term, 1942, of BUN-COMBE.

This is an action for the recovery of alleged usurious interest charged on a loan made by the defendant to the plaintiff, wherein the defendant enters in bar a plea that the transaction between him and the plaintiff has been adjudged by a court of competent jurisdiction to be a sale and purchase of the notes involved, for a full and adequate consideration, before maturity, and not a loan, and the judgment of said court is pleaded as an estoppel.

From a judgment sustaining defendant's plea of *res judicata* in bar of plaintiff's recovery and dismissing the action the plaintiff appealed, assigning errors.

*J. Scroop Styles and James E. Rector for plaintiff, appellant.*
*Don C. Young for defendant, appellee.*

SCHENCK, J.  It is admitted by the parties and found as a fact by the court that the only transaction ever had between the plaintiff and defendant was regarding two notes; that these two notes were involved in the case of "Scott Dillingham, sole trustee of the Southern Finance & Bonding Company, *v.* L. H. Gardner *et al.,*" opinion in which appears in 219 N. C., at page 227, 13 S. E. (2d), 478, in which opinion judgment in the General County Court of Buncombe County, affirmed in the Superior Court of Buncombe County, was affirmed by this Court, in which it was found as a fact that the defendant, L. H. Gardner, for a full and adequate consideration, purchased both of said notes, before maturity, at the express solicitation of Scott Dillingham.

The first question presented in the instant case is whether the transaction between the plaintiff and defendant was a sale and purchase or a

loan; if the former, no action for usury will lie under C. S., 2306; if the latter, an action may lie, *Hendrix v. Cadillac Co.,* 220 N. C., 84, 16 S. E. (2d), 456, and authorities there cited. *Dillingham v. Gardner, supra,* adjudicated that question between the plaintiff in that case, Scott Dillingham, sole trustee for Southern Finance & Bonding Company, and L. H. Gardner, the defendant therein, specifically holding that the transaction was a sale and purchase.

The remaining question left for consideration is: were the nominal plaintiff in the former case, Scott Dillingham, sole trustee for Southern Finance & Bonding Company, and the plaintiff in the instant case, Scott Dillingham, individually, one and the same person, or if not, were they in privity, since in either instance the plaintiff in the instant case would be estopped by the judgment in the former case.

It is divulged by the record that Scott Dillingham verified all the pleadings in the former case, and seeks now in the instant case to have the Court reverse its former adjudication that the transaction involved was a sale and purchase, and to hold that it was a loan. It does not appear from the record that the Southern Finance & Bonding Company had any interests other than or different from the interests of Scott Dillingham—their interests, if in any way separate, were always at least mutual. It is further divulged by the judgment in the former case that Scott Dillingham secured a deed from his sister, Mary Elizabeth Scarborough, to himself as sole trustee for the said finance and bonding company, for property securing one of the notes involved, and now in the instant case alleges that she was holding title to the property in trust for him. It would therefore seem that the plaintiff himself has acted upon the assumption that the interest of the plaintiff in the former case and the interest of the plaintiff in the instant case were identical. It certainly appears that if their interests were not identical, they were at least in privity. "An estoppel operates on the parties to the transaction out of which it arises and their privies," 19 Amer. Jur., Estoppel, par. 152, p. 809, privies being "Persons connected together, or having a mutual interest in the same action or thing, by some relation other than that of actual contract between them." Black's Law Dictionary (2d Ed.), p. 941.

We conclude that the action of the Superior Court in dismissing the action of the plaintiff should be

Affirmed.