GEORGE B. GRIFFIN v. BEATRICE McBRAYER.

(Filed 24 February, 1960.)

**1. Master and Servant § 32: Partnership § 5—**

An unsatisfied judgment against a servant or one partner does not bar the injured person from suing the master or the other partner, but such judgment may be properly pleaded by defendant in the subsequent action, since the liability of the employer or the other partner cannot exceed that of the actual tort-feasor.

APPEAL by defendant from *McLean, J.,* August 1959 Civil Term, of BUNCOMBE.

This action was begun 18 February 1958 to recover $15,000 for personal injuries sustained by plaintiff on 26 November 1955 when his motor vehicle collided with a cow which he alleges was owned and negligently permitted by defendant to browse on the highway.

Defendant denied both ownership of the cow and the asserted negligence. As an additional defense and in bar of any recovery she alleged that plaintiff had, on 7 December 1955, instituted an action in the Superior Court of Buncombe County against her and her father, C. F. McBrayer, to recover damages for the injuries for which compensation is now sought and had in said action alleged that defendants were the owners of the cow and were jointly negligent;

present defendant denied both ownership of the cow and negligence on her part; her father and codefendant admitted he owned the cow but denied the asserted negligence, asserting to the contrary that the cow was killed by the negligence of the plaintiff for which he sought compensation; said cause of action was called for trial at the November 1955 term of court at which time plaintiff submitted to a voluntary nonsuit as to this defendant, and C. F. McBrayer submitted to a nonsuit as to his counterclaim; the jury answered the issues of negligence and contributory negligence in favor of plaintiff, fixing the amount of his damages; judgment was entered in favor of plaintiff in accord with the verdict. By reference she incorporated the judgment roll in that action as a part of her answer. She does not allege that the judgment obtained against her father has been paid.

Plaintiff demurred to the plea of *res judicata* for that the judgment did not constitute a defense. He also replied and reasserted defendant's ownership of the cow, amplifying the complaint to expressly allege that defendant was either (a) sole owner and her father was her agent acting in the scope of his authority, or (b) defendant and her father were partners, operating the dairy, and the cow was owned by the partnership. He alleges the judgment against C. F. McBrayer for $2,500 has not been paid.

Judge McLean heard the matter on the pleadings (including the judgment roll in the prior action, which was made a part by reference). He adjudged the facts asserted as *res judicata* were not sufficient to defeat plaintiff's claim and ordered the allegations stricken. Defendant excepted and appealed.

*E. L. Loftin for plaintiff, appellee.*
*Don C. Young and Pangle, Garrison and Sams for defendant, appellant.*

RODMAN, J.   The appeal presents this question: Is an unsatisfied judgment against a servant or a partner a bar to another action against the master or the other partner based on the tortious conduct alleged in the prior action? The answer is succinctly stated in *Thompson v. Lassiter*, 246 N.C. 34, 97 S.E. 2d 492. *Denny, J.,* said: ". . . where the doctrine of *respondeat superior* is or may be invoked, the injured party may sue the agent or servant alone, and if a judgment is obtained against the agent or servant and such judgment is not satisfied, the injured party may bring an action against the principal or master." A similar conclusion was reached in an action against a partner, *Davis v. Sanderlin*, 119 N.C. 84. The rule has been so stated

in several of our prior decisions. *MacFarlane v. Wild Life Resources Com.*, 244 N.C. 385, 93 S.E. 2d 557; *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E. 2d 366; *Leary v. Land Bank*, 215 N.C. 501, 2 S.E. 2d 570. Our application of the law accords with authoritative decisions elsewhere. *Bigelow v. Old Dominion C. Min. & S. Co.*, 225 U.S. 111, 56 L. Ed. 1009; *Verhoeks v. Gillivan*, 221 N.W. 287, 65 A.L.R. 1083; *Dillard v. McKnight*, 209 P. 2d 387, 11 A.L.R. 2d 835, and notes; 50 C.J.S. 71 & 284; 52 A.J. 464.

The answer given to the question here presented in no way conflicts with the conclusion reached in *Crosland-Cullen Co. v. Crosland*, 249 N.C. 167, 105 S.E. 2d 655, or *Dillingham v. Gardner*, 222 N.C. 79, 21 S.E. 2d 898, as urged 'by defendant. Liability was imposed on C. F. McBrayer in the prior action for *his* negligent failure to confine the cattle. The question of defendant's responsibility for the acts of C. F. McBrayer has not heretofore been considered. Plaintiff's allegations, if found to be true, would impose liability on her for the negligence of her agent or partner. Until the factual controversy with respect to agency or partnership has been resolved, defendant's liability cannot be determined. The distinction between the two types of cases is clearly pointed out in *Leary v. Land Bank, supra.*

While the facts alleged are not sufficient to defeat plaintiff's claim, it does not follow that the court was correct in deleting the allegations. If C. F. McBrayer was defendant's agent or partner, as alleged, the judgment against him fixes the maximum verdict which plaintiff could obtain in this action. It is in effect a limitation of liability. *Thompson v. Lassiter, supra,* and cases cited. To have the benefit of this limitation of liability, it was necessary to plead the prior judgment. *Gibson v. Gordon*, 213 N.C. 666, 197 S.E. 135; *Blackwell v. Dibbrell*, 103 N.C. 270. The court erroneously ordered the allegations stricken.

Modified and affirmed.