MARY WALKER SUMNER v. MARY BELL MISENHEIMER BARNES
MARION.

(Filed 22 November, 1967.)

1. Judgments § 29;   Automobiles § 43—

Where one has sued a principal for damages alleged to have been caused by the negligent acts and omissions of an agent in the operation of a motor vehicle, and judgment has been rendered in favor of the principal on the ground that plaintiff had failed to establish the negligence of the agent, such plaintiff is not prevented from thereafter suing and recovering from the agent upon identical allegations of damages and negligence, since the former judgment is not a bar, the agent not having been a party to the former action.

APPEAL by defendant from *Latham, S.J.,* at the 2 May 1967 Civil Session of RANDOLPH.

The plaintiff sues for personal injuries alleged to have been received when the automobile of her husband, which she was driving, was struck in the rear by an automobile driven by the defendant, the plaintiff alleging that the proximate cause of the collision, and of her resulting injuries, was the negligence of the defendant in certain specified respects. The defendant filed answer denying any negligence by her, pleading contributory negligence by the plaintiff, and alleging a counterclaim for damages to her car, the proximate cause of which she alleges to have been the negligence of the plaintiff in certain specified respects.

The plaintiff moved that the entire counterclaim be dismissed "for the reason that the matter has been heretofore adjudicated in the action entitled *'Farrell Bulla Sumner, Plaintiff, v. Mary Bell Misenheimer Barnes Marion, Defendant, S. D. 2295, C. I. 5133.'*" Attached to and made part of the motion were the pleadings and judgment in the former case, the plaintiff in that case being the husband of the plaintiff in the present case and the owner of the automobile which she was driving at the time of the collision out of which both suits arose.

Examination of the pleadings in the two cases discloses that the allegations concerning negligence and causation in the complaint filed by the husband in the former suit are identical with those in the complaint filed by the wife in the present action. Likewise, the allegations in the answer of the defendant, except for the minor variations due to the change in plaintiffs, are identical with the allegations contained in her answer to the former action brought by the plaintiff's husband. In that action, as here, the defendant filed a counterclaim for the damage to her automobile in the collision, the counterclaim in the husband's case containing the identical allegations as to negligence by the present plaintiff, his wife, as are now

set forth in the counterclaim against her. In the former action, the counterclaim against the husband, as amended, alleged that the present plaintiff, his wife, was his agent in the operation of his automobile, that allegation being immaterial to and omitted from the present pleading.

In the former action brought by the husband, a judgment of nonsuit was entered as to the counterclaim of the defendant against the husband. That case then went to the jury upon the issues of the negligence of the defendant, the contributory negligence of the husband by reason of the alleged acts and omissions of the present plaintiff, his wife, and the damages recoverable by the husband. All of those issues were determined by the jury in favor of the husband, and judgment in his favor was so entered. The defendant in the former action brought by the husband gave notice of appeal but that appeal was never perfected and was dismissed by order of the superior court.

The present matter coming on to be heard in the superior court upon the present plaintiff's motion to dismiss the counterclaim on the ground of the prior judgment in the husband's action, the motion was allowed and the counterclaim against the wife was dismissed on that ground. From this order the defendant appeals.

*Miller, Beck & O'Briant for defendant appellant.*
*Ottway Burton for plaintiff appellee.*

PER CURIAM. We are here concerned only with the counterclaims in the two actions. By way of counterclaim, the present defendant sued the plaintiff's husband in the former action for damages which she alleges she sustained by the negligence of his wife and agent, the present plaintiff. She was unsuccessful and judgment was entered establishing that the husband was not and is not liable to her by reason of the alleged acts and omissions of his wife, and alleged agent, the present plaintiff. Now, the defendant, by way of counterclaim, sues the wife for the same damages, alleging the same negligent acts and omissions of the wife, the present plaintiff.

It is immaterial that the owner and the driver, sued in succession by the present defendant, by way of counterclaim, are husband and wife. The important relationship between them, for the purposes of the question now before us, is that of principal and agent. While it does not clearly so appear from the record before us, there is no suggestion in the brief or oral argument that the reason for the husband's victory in his action was a failure by the defendant to prove that the wife was the husband's agent. We, therefore,

determine the present case on the assumption that the agency of the present plaintiff for her husband was either admitted or established in the former action brought by him against the present defendant.

The question now presented is: When one has sued a principal for damages alleged to have been caused by the negligent acts and omissions of the agent and judgment has been rendered in favor of the principal on the ground that such plaintiff has failed to establish negligence on the part of such agent, may such person thereafter sue and recover from the agent upon allegation of the same injury and the same acts and omissions of the agent? This question was fully considered and determined by us in *Kayler v. Gallimore,* 269 N.C. 405, 152 S.E. 2d 518. For the reason there explained, the answer is that the former judgment in favor of the principal is not a bar to the action against the agent, the agent not having been a party to the former action. A different rule prevails where the first suit is brought against the agent and the judgment therein establishes that the agent was not negligent and thereafter suit is brought against the principal on the ground of *respondeat superior. Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570. The basis for the two rules, which appear at first glance to be inconsistent, was discussed in *Kayler v. Gallimore, supra.*

It was, therefore, error to dismiss the counterclaim on the motion of the plaintiff on the ground of the judgment previously rendered in the action brought by the plaintiff's husband against this defendant.

Reversed.