## CROSLAND-CULLEN COMPANY, A CORPORATION, V. MATILDA H. CROSLAND.

(Filed 19 November, 1958.)

**1. Judgments § 32: Constitutional Law § 24—**

While public policy demands that every person have his day in court to assert his own rights or defend against their infringement, public policy equally requires that there be an end to litigation when complainant has exercised his right and a court of competent jurisdiction has ascertained that the asserted invasion has not occurred.

**2. Judgments § 32—**

In order for a party to be barred by the doctrine of *res judicata*, it is necessary not only that he should have had an opportunity for a hearing but also that the identical question must have been considered and determined adversely to him.

**3. Same— Plaintiff, after unsuccessful litigation against one party, may not seek to litigate identical question in action against another.**

In a prior action by a corporation against insurer to collect the proceeds of a policy on the life of the corporation's deceased president, judgment was rendered for insurer upon adjudication that the assignment of the policy by the corporation to the wife of the president was

valid. This action was instituted by the corporation against the widow to recover from her the amount received from the proceeds of the policy on the ground that the assignment to her of the policy was void. *Held* : The identical issue as to the validity of the assignment was determined adversely to the corporation in the prior action, and the corporation is not entitled to relitigate the same question in the subsequent action, notwithstanding the difference in the parties defendant, and the corporation's demurrer to the widow's plea of *res judicata* and motion to strike the plea should have been overruled.

PARKER, J., not sitting.

APPEAL by defendant from *Pless, J.,* June 16, 1958 Civil B Term of MECKLENBURG.

This action was begun in June 1956 by Crosland-Cullen Company, a domestic corporation, to recover $15,000 paid to defendant by Philadelphia Life Insurance Company, hereafter designated as insurer.

The complaint alleges: Insurer, on 3 June 1947, issued its policy of insurance in the sum of $25,000 on the life of David B. Crosland, plaintiff corporation's president; it was named as beneficiary in and paid the premiums on the policy of insurance; on 31 October 1950 insured and defendant, husband and wife, were president and secretary and two of the three stockholders and directors of plaintiff corporation; on that date defendant and her husband executed a separation agreement by the terms of which the husband obligated himself to make payments to defendant as there detailed; the separation agreement also provided that defendant's stock should be transferred to her husband when he had completed payments as provided for, and she would resign as secretary of the corporation; it also provided that the policy of insurance to the extent of $15,000 should be assigned to defendant to secure performance by the husband of its provisions; an assignment of the policy was accordingly made and filed with the insurer; the assignment was made solely for the benefit of the two officers, defendant and her husband, and was, therefore, *ultra vires* and void; the insured David B. Crosland died on 19 May 1953 at which time insurer became obligated under its policy to pay $22,360.45, the face of the policy less a loan thereon; insurer paid $15,000 to defendant with knowledge of plaintiff's assertion that the assignment was *ultra vires* and void, and paid the balance to plaintiff.

After the complaint was filed, a receiver was appointed for plaintiff corporation in another action instituted in Mecklenburg County. The receiver was on his motion made a party plaintiff. He adopted the complaint theretofore filed by the corporation.

Defendant answered. She admitted the execution of the separation agreement, issuance and assignment of the policy, death of the insured, and payment of $15,000 to her by insurer in accordance with

the provisions of the separation agreement, and the assignment. She asserted the validity of the assignment based on a valuable consideration.

As a further defense and in bar of plaintiff's right to recover she pleaded a judgment rendered by the United States District Court for the Western District of North Carolina as directed by the decision of the Circuit Court of Appeals for the Fourth Circuit in an action begun in December 1953 entitled *Crosland-Cullen Company v. Philadelphia Life Insurance Company,* 234 F 2d 780. Plaintiff in that action sought to recover from the insurer the $15,000 it paid defendant. The basis of the claim was the invalidity of the assignment.

Plaintiff demurred to the plea of *res judicata* for failure to state a valid defense and moved to strike the plea. The demurrer was sustained, the motion to strike was allowed, and defendant appealed.

*William H. Abernethy for plaintiff, appellee.*
*Carswell and Justice for defendant, appellant.*

RODMAN, J. Plaintiff's cause of action is based on the assertion that defendant, by virtue of a void assignment, has received from insurer monies which should have been paid to plaintiff, the beneficiary in the policy of insurance.

Defendant admits receipt of the money pursuant to the provisions of the assignment. She affirmatively asserts that plaintiff's right to question the validity of this assignment has been foreclosed by a decree of a court of competent jurisdiction in an action brought by plaintiff against the insurer. As a part of her plea of *res judicata* she attaches a complete transcript of the record in the Federal court.

That court said with respect to plaintiff's right to attack the assignment: "These authorities require the conclusion that in the instant case plaintiff corporation and its present stockholders, who received their stock from or through David B. Crosland, are estopped to question the validity of the assignment." Plaintiff does not question the binding force of the judgment in that action as a bar to her right to again question the validity of assignment where the insurer is a party. Its position is that defendant was not a party to that action, hence there is no mutuality and for that reason the judgment is not good as a plea of *res judicata,* is *res inter alios acta,* and could not be offered in evidence and was, therefore, properly stricken.

*Devin, C. J.,* said: "Generally, in order that the judgment in a former action may be held to constitute an estoppel as *res judicata* in a subsequent action there must be identity of parties, of subject matter and of issues. It is also a well established principle that estoppels must be mutual, and as a rule only parties and privies are bound

by the judgment. These rules are subject to exception." *Light Co. v. Ins. Co.,* 238 N.C. 679, 79 S.E. 2d 167.

Is this case an exception to the general rule of identity of parties and mutuality usually applied to determine the right to plead *res judicata?* Logic and decided cases call for an affirmative answer.

Public policy demands that every person be given an opportunity to have a judicial investigation of the asserted invasion of complainant's rights. "It is elementary and fundamental that every person is entitled to his day in court to assert his own rights or to defend against their infringement." *Coach Co. v. Burrell,* 241 N.C. 432, 85 S.E. 2d 688. But public policy is equally as adamant in its demand for an end to litigation when complainant has exercised his right and a court of competent jurisdiction has ascertained that the asserted invasion has not occurred. *Ludwick v. Penny,* 158 N.C. 104, 73 S.E. 228.

To make the plea effective it is necessary not only that the party have an opportunity for a hearing but that the identical question must have been considered and determined adversely to the complaining party.

Where both of these factors exist, sound public policy dictates that the court should refuse permission for further litigation on that question.

Frequent application of this public policy is found in those cases where complainant, having failed to establish a wrong done by one primarily liable, thereafter seeks to hold another liable on the basis of respondeat superior or as an indemnitor. The different results reached in *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570, *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366, and *Coach Co. v. Burrell, supra; Garrett v. Kendrick,* 201 N.C. 388, 160 S.E. 349, and *Morgan v. Brooks,* 241 N.C. 527, 85 S.E. 2d 869, clearly illustrate the correct scope of the doctrine of *res judicata.*

*Current v. Webb,* 220 N.C. 425, 17 S.E. 2d 614, well illustrates the rule with respect to identity of issue. That action was one for wrongful death. The deceased and one Bangle were occupants of an automobile involved in a collision with an automobile operated by Webb. Bangle brought suit in Mecklenburg County for personal injuries. Mrs. Current's administrator brought suit in Gaston County for wrongful death. Identical motions were made to dismiss in each case for the reason that the defendant Webb was not a resident of the State and was not amenable to service of process. The motion in the *Bangle case* was heard first. The trial court there found that Webb was not a resident and hence not amenable to service of process. Thereafter on identical evidence the motion to dismiss in the *Webb case* was heard

in Gaston. The trial court there found that Webb was a resident, and hence subject to process. Both cases were appealed to this Court and heard at the Fall Term 1941. The Court, in its opinion, quoted Freeman on Judgments: "It is not necessary that precisely the same parties were plaintiffs and defendants in the two suits; provided the same subject in controversy, between two or more of the parties, plaintiffs and defendants in the two suits respectively, has been in the former suit directly in issue, and decided." The Court then proceeded to say: "The judgment in the *Bangle case, supra,* was rendered upon the same preliminary motion as in this case. This motion squarely presented for adjudication the status of defendant Webb, whether a resident of Georgia or North Carolina, whether exempt from the service of process under the statute, or not. Thus the judgment was in the nature of a judgment *in rem,* by a court having jurisdiction not only of the parties and of the cause of action, but also of the *res* —the power and duty to determine the particular fact presented for adjudication. This fact the court conclusively established in that case. Its judgment as to that fact was binding upon the parties to that suit and upon all those who have an interest in the subject matter of the action under the maxim *res judicata pro veritate accipitur.*" See also *Dillingham v. Gardner,* 222 N.C. 79, 21 S.E. 2d 898.

*Commercial Nat. Bank v. Allaway,* 223 N.W. 167, involved the validity of an assignment of a note. Defendant in that action executed a note to Iowa Savings Bank. That bank transferred and assigned it to Commercial National Bank as security for a loan made by the latter bank to payee bank. Defendant paid his note to Iowa Savings, the payee bank, before maturity and when Commercial held possession. Payee promised to subsequently deliver the note to defendant. It failed to do so. A receiver was appointed for Iowa Savings and he brought suit against Commercial, challenging the transfer and assignment of defendant's note for want of consideration and lack of authority of the officer making the transfer. That litigation was decided adversely to the receiver of Iowa Savings. The validity of the transfer was affirmed. Thereafter Commercial brought suit against defendant Allaway. He asserted the invalidity of the assignment by Iowa Savings for the same reasons asserted by the receiver of that bank in its litigation against Commercial; and hence satisfaction of the note by his payment made to Iowa Savings. The Supreme Court of Iowa held that the validity of the assignment had been previously adjudicated and could not thereafter be questioned by the maker of the note.

*Israel v. Wood Dolson Company,* decided by the Court of Appeals of New York, 134 N.E. 2d 97, involved the right of plaintiff to re-

cover damages from the defendant for inducing the breach of a contract of employment. In a prior action brought by plaintiff on the asserted contract of employment a court of competent jurisdiction had ascertained that the contract of employment had not been breached. The court said: "Israel's second cause of action must fail if there was no such breach in his suit against Wood Dolson in a court of competent jurisdiction. That court has found no breach and, under the principle mentioned above, plaintiff may not relitigate that issue. Our holding here is not to be treated as adding another general class of cases to the list of 'exceptions' to the rule requiring mutuality of estoppel. It is merely the announcement of the underlying principle which is found in the cases classed as 'exceptions' to the mutuality rule."

In *Coca-Cola Co. v. Pepsi-Cola Co.*, 172 A 260, plaintiff sued to recover a reward offered by defendant "for information leading to the detection of any dealer substituting Pepsi-Cola for any other five cent drink." Plaintiff alleged that three named dealers had substituted Pepsi-Cola for Coca-Cola. It claimed the reward. Defendant asserted that as to two of the named dealers it had been theretofore adjudged that there was no substitution. Those adjudications were pleaded as *res judicata*. The court said: "The present defendant pleading *res judicata* was not a party to the former proceeding and the judgment in the former proceeding did not bind it so there is no mutuality. The present plaintiff, against whom the *res judicata* is pleaded is alleged to have been the unsuccessful plaintiff in the former proceedings where the issues were alleged to have been identical with those here involved. We are not now passing upon the actual existence, as a fact, of the identity of the issues in the two proceedings, for that identity must be proven. But assuming the identity of the issues, we are of the opinion that a plaintiff who deliberately selects his forum and there unsuccessfully presents his proofs, is bound by such adverse judgment in a second suit involving all the identical issues already decided. The requirement of mutuality must yield to public policy. To hold otherwise would be to allow repeated litigation of identical questions, expressly adjudicated, and to allow a litigant having lost on a question of fact to reopen and re-try all the old issues each time he can obtain a new adversary not in privity with his former one."

In *E. I. Du Pont de Nemours & Co. v. Richmond Guano Co.*, 297 F 580, plaintiff sued to recover the value of fertilizer converted by defendant. Defendant asserted *res judicata* alleging that plaintiff had previously brought a suit against a third party to whom defendant had sold the fertilizer for the purpose of recovering from that defendant the value of the fertilizer, and in that action it had been determined

PORTER v. BANK.

that plaintiff was not the owner of the fertilizer. Plaintiff insisted that defendant's plea of *res judicata* could not be sustained because of want of identity of parties in the two suits and hence lack of mutuality. The court held the plea good.

That the plea is a valid defense under factual situations similar to the facts of this case has been repeatedly stated in well-considered opinions by other courts. *Bernhard v. Bank of America*, 122 P 2d 892; *Gammel v. Ernst & Ernst*, 72 N.W. 2d 364; *Jenkins v. A.C.L. R. Co.*, 71 S.E. 1010 (S.C.); *American Button Co. v. Warsaw Button Co.*, 31 NYS 2d 395; *Sawyer v. City of Norfolk*, 116 S.E. 245; *Brobston v. Burgess*, 138 A 849; *Harding v. Carr*, 83 A 2d 79; *Hardware Mut. Ins. Co. v. Valentine*, 259 P 2d 70; *Eagle S. & B. D. Ins. Co. v. Heller*, 140 S.E. 314, 57 A.L.R. 490; *Good Health Dairy Products v. Emery*, 112 A.L.R. 401; *Riordan v. Ferguson*, 80 F Supp 973; *Bruszewski v. U. S.*, 181 F 2d 419; *Perkins v. Benguet Consol. Mining Co.*, 132 P. 2d 70; *Hawley v. Davenport R. & N. W. Ry. Co.*, 45 N.W. 2d 513.

The rule is similarly stated in encyclopedias and textbooks. 50 C.J.S. 294; 2 Freeman, Judgments, 5th ed., p. 1319.

The demurrer to the plea should have been overruled. The plea should not have been stricken. Defendant is entitled to offer the record in the Federal court to foreclose plaintiff's right to attack the validity of the assignment.

The Federal court passed only on the validity of the assignment. The complaint in this action only challenges the validity of the assignment. Hence we are not called upon to interpret the assignment. The parties have not put in issue the amount which defendant is entitled to retain by virtue of the assignment.

Reversed.

PARKER, J., not sitting.