FRANKLIN GILLISPIE, BY HIS GUARDIAN AD LITEM, FLORENCE TROXLER v. THOMASVILLE COCA-COLA BOTTLING COMPANY

No. 7322SC144

(Filed 14 March 1973)

1. Judgments § 35— prerequisites to res judicata plea — exception

Identity of parties and mutuality of estoppel generally must exist as prerequisites to a plea of *res judicata;* however, a personal injury action by plaintiff against a soft drink bottler is an exception to that rule where the action is instituted subsequent to the conclusion of an action for the same injury against A & P, retailer of the bottler's goods, in A & P's favor.

2. Judgments § 37— actions against manufacturer and retailer — identity of issues — res judicata plea allowed

Plaintiff's personal injury action against defendant soft drink bottler based on defendant's alleged breach of implied warranty of merchantability was barred where plaintiff, in a prior action against retailer of the soft drink, had ample opportunity for a judicial investigation of his asserted rights and the identical issue was considered and determined adversely to him.

Judge BROCK concurring.

APPEAL by plaintiff from *Long, Judge,* 2 October 1972 Session of Superior Court held in DAVIDSON County.

Plaintiff, Franklin Gillispie, a minor, instituted this action through his guardian ad litem to recover damages for injuries to his left hand and wrist allegedly suffered when two bottles of the soft drink Sprite exploded while plaintiff was carrying them to the checkout counter of an A & P store in Thomasville.

The following facts are uncontroverted:

Prior to the institution of the present action, plaintiff, on 6 August 1970, filed complaint against The Great Atlantic and Pacific Tea Company (A & P), seeking to recover for the same injuries which are the subject of the present action allegedly resulting from a "contractual breach of warranty for the products [sic] use and intended purpose." A & P filed a cross claim for indemnity from the present defendant, Thomasville Coca-Cola Bottling Company, the alleged bottler and supplier of the Sprite. By pretrial order, the court in the prior suit severed trial of plaintiff's action against A & P from the trial of A & P's cross action against the present defendant, Thomasville Coca-Cola Bottling Company.

At the trial of plaintiff's action against A & P in May, 1971, A & P moved for a directed verdict at the close of plaintiff's evidence, which motion was allowed. On appeal, this court reversed, stating:

"The evidence presented would support a jury finding that plaintiff purchased the Sprite drinks by taking them into his possession with the intention of paying for them. Should the jury so find, the question would then become: Was the warranty of implied merchantability breached by defendant, and if so, did the breach proximately cause the injuries sustained by the plaintiff? We are of the opinion the evidence is sufficient to go to the jury on these questions." Gillispie v. Tea Co., 14 N.C. App. 1, 6, 187 S.E. 2d 441, 444-45 (1972).

On retrial of plaintiffs cause against A & P on 8 May 1972, the following issue was submitted to and answered negatively by the jury:

"Did the defendant [A & P] breach an implied warranty of merchantability between the plaintiff and the defendant which proximately caused plaintiff's injuries as alleged in the complaint?"

Judgment for defendant A & P was entered on the verdict.

---

---

On 7 July 1972, plaintiff instituted the *present* action against the Thomasville Coca-Cola Bottling Company, alleging, *inter alia,* that:

> "The injuries plaintiff complains of were the result of and were proximately caused by the defendant's breach of its warranty that the Sprite bottles were fit for the ordinary purposes for which such products are used and were adequately contained."

Defendant filed answer, denying the material allegations of the complaint and pleading in bar the judgment of the trial court rendered in *Gillespie v. A & P* on 10 May 1972. Motion for summary judgment was filed on 5 September 1972 and on 4 October 1972 an order was entered granting summary judgment for defendant. Plaintiff appealed to this court.

*Charles F. Lambeth, Jr., for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by R. M. Stockton, Jr., J. Robert Elster, and James H. Kelly, Jr., for defendant appellee.*

HEDRICK, Judge.

Plaintiff contends that "the prior action against A & P should not work as a collateral estoppel to the present action. . . . " because of an alleged lack of identity of parties, identity of issues and mutuality of estoppel.

[1] In *Light Co. v. Insurance Co.,* 238 N.C. 679, 691, 79 S.E. 2d 167, 175 (1953) it is stated:·

> "Generally, in order that the judgment in a former action may be held to constitute an estoppel as *res judicata* in a subsequent action there must be identity of parties, of subject matter and of issues. It is also a well established principle that estoppels must be mutual, and as a rule only parties and privies are bound by the judgment. These rules are subject to exception."

Logic and precedent mandate that this case be an exception to the general rule that identity of parties and mutuality of estoppel exist as a prerequisite to a plea of *res judicata.* As

stated in *Crosland-Cullen Co. v. Crosland,* 249 N.C. 167, 170, 105 S.E. 2d 655, 657 (1958):

> "Public policy demands that every person be given an opportunity to have a judicial investigation of the asserted invasion of complainant's rights . . . . But public policy is equally as adamant in its demand for an end to litigation when complainant has exercised his right and a court of competent jurisdiction has ascertained that the asserted invasion has not occurred. (citation omitted)

> To make the plea effective it is necessary not only that the party have an opportunity for a hearing but that the identical question must have been considered and determined adversely to the complaining party." See also 47 N.C. Law Rev. 690 (1969).

[2] Thus the question before us is whether the requisite identity of issues exists between plaintiff and defendant in the present case and between plaintiff and A & P in the former case.

In both cases, plaintiff premises his theory of liability on an alleged breach of the implied warranty of merchantability, G.S. 25-2-314. The warranty of fitness, either express or implied, is contractual and the contract extends no further than the parties to it and their privies. *Tedder v. Bottling Co.,* 270 N.C. 301, 154 S.E. 2d 337 (1967). "[P]rivity to the contract is the basis of liability," *Tedder,* 270 N.C. at 304, 154 S.E. 2d at 339.

In *Tedder,* privity, sufficient to support plaintiff's claim of alleged breach of implied warranty, was found in "the manner in which the Pepsi-Cola was advertised and traveled from the bottler to the plaintiff." *Tedder,* 270 N.C. at 306, 154 S.E. 2d at 340. In 4 Wake Forest Intra. L. Rev. 169, 179 (1968), it is stated:

> "The theory of liability applied by the court [in *Tedder*] . . . was that an implied warranty is communicated to the consumer by the method in which the product is advertised and traveled from the bottler to the eventual consumer. It was held that the implied warranty attached through the representations made by the bottler in its manner of advertisement."

---

Gillispie v. Bottling Co.

---

In its answer, defendant admits that it is "in the business of filling, processing and selling to retail stores bottles of . . . 'Coca-Cola' and 'Sprite' . . . . " , that A & P is "one of its customers," and that " 'Sprite' and 'Coca-Cola' bottled drinks are advertised extensively by various persons and corporations, and to some extent by the defendant." Clearly privity of contract between plaintiff and defendant is shown by the manner in which the soft drink was advertised and traveled from the bottler to plaintiff. It is also clear that the implied warranty of merchantability applies equally to both the retailer and the manufacturer of goods. *Tedder; Gillispie v. Tea Co.;* Official Comment 2 to G.S. 25-2-314.

In the prior action against A & P, plaintiff had ample opportunity for a judicial investigation of his asserted rights and the identical issue was considered and determined adversely to him. "Where both of these factors exist, sound public policy dictates that the court should refuse permission for further litigation on that question." *Crosland-Cullen Co.*, 249 N.C. at 170, 105 S.E. 2d at 657.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judge MORRIS concurs.

Judge BROCK concurring.

The record of the trial of plaintiff's action against A & P was filed in this action in support of defendant's motion for summary judgment. That record apparently contained the full transcript of the trial judge's instructions to the jury. If the instructions given did not require the jury to determine the exact principle of liability presented by the present action, the plaintiff doubtless would have included it in the record on appeal in this case. In its absence, we presume that the allowance of defendant's motion for summary judgment in this action was based upon a determination from the record of the former trial that the identical issue had already been determined adversely to plaintiff.