**Kathleen Lamb DORSEY, Plaintiff,**

v.

**UNIVERSITY OF NORTH CAROLINA AT WILMINGTON & Samuel B. Connally, individually and in his official capacity as Associate Director of Human Resources, UNCW, Defendants.**

**No. 93–96–CIV–7–BR.**

United States District Court, E.D. North Carolina, Southern Division.

June 20, 1997.

---

Alan McSurely, Chapel Hill, NC, for Plaintiff.

Kathleen Lamb Dorsey, Castle Hayne, Pro se.

Edwin M. Speas, Jr., N.C. Dept. of Justice, Raleigh, NC, for Defendants.

*ORDER*

BRITT, District Judge.

This matter is before the court on defendants' motion for summary judgment.

### I.  *Background*

The plaintiff, Kathleen Lamb Dorsey, filed this action alleging unlawful employment practices on the part of the defendants, in violation of Title VII (42 U.S.C. § 2000e *et seq.*). (*See* Compl. ¶ 6.) Specifically, Ms. Dorsey alleges that the defendants "engaged in unlawful employment practices . . . that caused disparate treatment against Plaintiff and disparate impact against her and other minority secretaries." (*Id.*)

While employed by the University of North Carolina at Wilmington ("UNC–W") as a secretary at salary grade 59, Ms. Dorsey, an African–American, applied for the position of Administrative Assistant to the University Chancellor, which carried a salary grade of 63. *See Dorsey v. UNC–Wilmington,* 122 N.C.App. 58, 468 S.E.2d 557, 558 (1996). Although Ms. Dorsey was among the final six candidates selected for interviews, Lynne Goodspeed, who is white, was promoted to the position. *See id.*

Ms. Dorsey filed a grievance with UNC–W alleging racial discrimination. *See id.* After her grievance was denied, Ms. Dorsey filed a case petition pursuant to N.C. Gen. Stat. § 126–36 with the Office of Administrative Hearings, wherein she alleged that, in addition to causing disparate treatment, UNC–W's hiring process "results in allowing a disparate impact upon me and other minorities." (Pet'r's Mot. to Reverse and Remand at 1.) The Administrative Law Judge concluded that although Ms. Dorsey had established a *prima facie* case of illegal discrimination, UNC–W rebutted her case by providing legitimate, non-pretextual, non-discriminatory grounds for its promotion deci-

sion. (*See* Recommended Decision dtd. 1/15/93 at 5–6.) The State Personnel Commission ("Commission") adopted these recommended findings. (*See* Commission Order dtd. 7/6/93.)

Ms. Dorsey then filed a Title VII claim in this court. This court stayed the action pending the completion of Ms. Dorsey's state court proceedings. (*See* Orders dtd. 12/8/93 and 5/12/95.)

Meanwhile, Ms. Dorsey petitioned for review of the Commission's adverse decision. The state superior court vacated the Commission's decision on the grounds that the Commission failed to examine the complete official record. *See Dorsey*, 468 S.E.2d at 559. Upon remand, the Commission again affirmed UNC–W's promotion decision, (*see* Commission Order dtd. 2/28/94), and this time, the state superior court affirmed the Commission's decision. (*See* New Hanover County Superior Ct. Order dtd. 8/8/94.) Ms. Dorsey then appealed to the North Carolina Court of Appeals, which affirmed the lower court's decision. *See Dorsey*, 468 S.E.2d at 562. Employing the "whole record" test for its review, the Court of Appeals explicitly addressed Ms. Dorsey's claims of both disparate treatment and disparate impact, and found them unsupported by the evidence. *See id.* at 560–61. The North Carolina Supreme Court denied Ms. Dorsey's petition for a writ of certiorari. *See Dorsey v. UNC–Wilmington*, 344 N.C. 629, 477 S.E.2d 37 (1996).

Now that the state court proceedings have come to a close, this court takes up defendants' motion for summary judgment with regard to the preclusive effect of the state court judgment.[1]

## II.  *Standard*

Under Rule 56(c), summary judgment is appropriate where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Court of Appeals for the Fourth Circuit has

articulated the summary judgment standard as follows:

> In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party.... The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. The opposing party must demonstrate that a triable issue of fact exists; he may not rest on mere allegations or denials.

*Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.) (citations omitted), *cert. denied*, 513 U.S. 813, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994), 513 U.S. 814, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994).

## III.  *Discussion*

Defendants argue that Ms. Dorsey's Title VII action should be barred under the doctrine of collateral estoppel. Under the Full Faith and Credit statute, 28 U.S.C. § 1738, this court is obligated to follow North Carolina law in determining whether a state court judgment should have preclusive effect in a subsequent federal action. *See Davenport v. North Carolina Dep't of Transp.*, 3 F.3d 89, 92 (4th Cir.1993) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Title VII claims present no exception to this general rule. *See Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 476, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) have been developed over time in order both to protect litigants from the burden of relitigation and to promote judicial economy by preventing needless litigation. *See Thomas M. McInnis & Assoc. v. Hall*, 318 N.C. 421, 349 S.E.2d 552 (1986) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Res judicata serves to bar a party from relitigating a claim. *See McInnis*, 349 S.E.2d at 556. Collateral estoppel, on the other hand, bars a party from relitigating issues which were

---

1. Ms. Dorsey filed a response to defendants' reply on 15 May 1997. Since our local rules do not provide for the filing of such a document, the court did not consider plaintiff's filing in its decision.

determined in a prior action, even if the second action rests on a wholly different claim. *See id.*

▮ Under North Carolina law, the elements of collateral estoppel are as follows: (1) the earlier suit resulted in final judgment on the merits; (2) identical issues are involved; (3) the issue was actually litigated and determined in the prior action; and (4) the determination was necessary to the resulting judgment. *See id.* 349 S.E.2d at 557–58. In addition, the party to be estopped must have had a "full and fair opportunity to litigate the issue in the earlier action." *Id.* 349 S.E.2d at 559.

▮ This case meets all the requirements for collateral estoppel. First, Ms. Dorsey's state action was adjudicated on the merits through several levels of state court proceedings and ultimately resulted in final judgment against her by the North Carolina Court of Appeals. *See Dorsey v. UNC–Wilmington,* 122 N.C.App. 58, 468 S.E.2d 557 (1996). The North Carolina Supreme Court declined to review her case. *See Dorsey v. UNC–Wilmington,* 344 N.C. 629, 477 S.E.2d 37 (1996).

Second, the state claim, like the instant federal action, rested on the issues of whether UNC–W's employment practices caused disparate treatment or disparate impact. In discrimination cases, North Carolina courts have adopted the same standards and principles of law applied by federal courts to Title VII cases. *See North Carolina Dep't of Correction v. Gibson,* 308 N.C. 131, 301 S.E.2d 78, 85 (1983). Therefore, Ms. Dorsey's state action involved issues identical to those raised in her Title VII claim.

Third, the issues of disparate treatment and disparate impact were actually litigated and determined in the state action. Ms. Dorsey's contention that the disparate impact issue was not adjudicated in her state action is without merit. Ms. Dorsey specifically raised the issue of disparate impact in her state action before the North Carolina Office of Administrative Hearings. (*See* Pet'r's Mot. to Reverse and Remand at 1–4.) The North Carolina Court of Appeals, moreover, addressed the issues of both disparate treatment and disparate impact while rendering its final decision in the case. *See Dorsey,* 468 S.E.2d at 560–61.

And fourth, the determination of the issues of disparate treatment and disparate impact was necessary to the adjudication of her state action. Ms. Dorsey would have succeeded on her state claim had either issue been decided in her favor. The final judgment of the North Carolina Court of Appeals, therefore, relied on its determination of both issues in affirming that UNC–W's failure to promote Ms. Dorsey was not racially discriminatory.

▮ As noted above, collateral estoppel does not apply unless the party to be estopped had a "full and fair opportunity" to litigate the claim or issue in the prior action. *See Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 480–81, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (citing *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Kremer,* 456 U.S. at 481, 102 S.Ct. 1883 (quoting *Montana v. United States,* 440 U.S. 147, 164 n. 11, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

Ms. Dorsey has presented no reason leading this court to doubt the quality, extensiveness, or fairness of North Carolina's administrative or judicial proceedings in this case. Ms. Dorsey was afforded the full panoply of state court procedures in litigating her claim. She presented evidence and called witnesses before the Office of Administrative Hearings and subsequently challenged the Commission's adverse determination through several tiers of state appellate review. At all levels, her state action was adjudicated against her.

Ms. Dorsey's assertion that the state superior court did not have several exhibits as part of its record does not alter the court's conclusion in this regard. Ms. Dorsey has provided no detail on the content of these documents to support her contention that they were "key elements of Petitioner's appeal." (Pl.'s Mem. Opp'n Supplemental Summ. J. at 6.) Therefore, assuming but not deciding that the documents were missing

from the state court's record, the court has no basis to conclude their absence so tainted the proceeding that collateral estoppel should not apply.

Because the requirements of collateral estoppel have been satisfied, the doctrine is applicable in this case. "It is elementary and fundamental that every person is entitled to his day in court to assert his own rights to defend against their infringement .... But public policy is equally adamant in its demand for an end to litigation when complainant has exercised his right." *Crosland–Cullen Co. v. Crosland,* 249 N.C. 167, 105 S.E.2d 655 (1958) (*quoted in McInnis,* 349 S.E.2d at 560). Ms. Dorsey therefore is barred from relitigating the issues of disparate treatment and disparate impact. As there no longer exists any triable issue of fact, the defendants are entitled to judgment as a matter of law.

### IV. *Conclusion*

For the reasons discussed above, defendants' motion for summary judgment is GRANTED and this case is DISMISSED.