George James COOK,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–1993
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 22, 1975.

Alan Shore Gover, (Court appointed), Louis L. Bagwell, Houston, Tex., for petitioner-appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

This case comes to us on appeal from denial of relief to petitioner under 28 U.S.C. § 2255. We reverse and remand to the district court for an evidentiary hearing as required by the statute.

In 1961, while in custody of the State of Texas on an armed robbery charge,

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

George James Cook was "borrowed" from state authorities for federal proceedings under a 4-count indictment charging narcotics violations. On July 21, 1961, Cook pled guilty to two of the four counts. After the United States District Court accepted his guilty plea and imposed a five-year sentence, Cook was returned to state authorities. In the state cause, he was sentenced on January 16, 1962, to life imprisonment. In 1974, Cook was granted parole on his state sentence, whereupon he was taken into federal custody to begin service of his federal sentence. He now alleges numerous irregularities in the acceptance of his guilty plea in 1961.

His principal contention is that he was misled by his court-appointed counsel into believing that if he pled guilty to the federal charge, he would be taken directly to a federal narcotics treatment center instead of being returned for trial on the state charge. Cook contends that this misleading advice vitiates the voluntariness of his plea of guilty. The court reporter's notes of Cook's arraignment and sentencing proceedings in the district court were long ago routinely destroyed and no transcript of these proceedings is available.

In the course of denying the instant plea for § 2255 relief, the district court stated that there is "no evidence . . . [of] an involuntary plea of guilty. . ." However, § 2255 specifies that a hearing is required "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." In the present case, a hearing must be held with respect to Cook's claim of misleading advice. We therefore remand to the district court for the additional factual development of the case mandated by that statute. Of course, we express no opinion as to the legal sufficiency of petitioner's claim once the facts have been found.

Reversed and remanded.