CITY OF WHITTIER (Subrogee of Charles Hoover), Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF JUSTICE (Drug Enforcement Administration), Les Kinney, Defendants-Appellees.

No. 76–1533.

United States Court of Appeals, Ninth Circuit.

June 13, 1979.

Cortland John Reiner, Los Angeles, Cal., for plaintiff-appellant.

Donald J. Merriman, Dzintra I. Janavs, Asst. U. S. Attys., Los Angeles, Cal., for defendants-appellees.

Before HUFSTEDLER and TRASK, Circuit Judges, and CLAIBORNE,* District Judge.

TRASK, Circuit Judge:

On May 9, 1973, Police Lieutenant Charles Hoover, an employee of the City of Whittier, California (City), was working in cooperation with and at the request of the Federal Bureau of Narcotics and Dangerous Drugs in attempting to apprehend suspects involved in narcotics trafficking. Specifically, Lt. Hoover was working with Federal Drug Abuse Law Enforcement Officers (DALE), a federally-funded narcotics enforcement program.

During the course of this activity, Lt. Hoover sustained serious injuries from a gunshot wound to his arm and his chest inflicted by Special Agent Les Kinney, an employee of the Federal Bureau of Narcotics and Dangerous Drugs. As a result, the City paid Lt. Hoover some $14,000, pursuant to the State of California's Workmen's Compensation statutes and additional payments by the City were contemplated.

Claiming to be subrogated to Hoover's rights, the City brought this action under the Federal Tort Claims Act (28 U.S.C. § 2674), and named as defendants the United States Department of Justice (Drug Enforcement Administration) and Les Kinney. The complaint expressly alleged that the injuries to Hoover were proximately caused by the negligence of Special Agent Kinney. The City having paid its workmen's compensation obligation, claims to be subrogated to Lt. Hoover's right of recovery, and in order to enforce and protect its fund as against the negligence of third parties— here an agency of the Department of Justice—sues the federal government to be reimbursed.

■ The federal agency, the Department of Justice, moved to dismiss the action upon the ground that federal agencies, here the Department of Justice, are not subject to suit *eo nomine* unless authorized by Congress. It is clear that the claim of the Department of Justice is correct. As this court pointed out in *Midwest Growers Co-op. Corp. v. Kirkemo*, 533 F.2d 455, 465 (9 Cir. 1976), it is "well established that federal agencies are not subject to suit *eo nomine* unless so authorized by Congress in 'explicit language.' *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 96 L.Ed. 534 (1952)." We are aware of no such authorization and the plaintiff has called our attention to none. The district court therefore properly dismissed the action as to the Department of Justice.

■ The City also desired leave to amend its complaint by substituting the United States as a party defendant in lieu of the Department of Justice. The district court refused to grant the amendment. Because we find that the City incorrectly brought its action under the Federal Tort Claims Act, we hold the court's ruling to be proper.

* Honorable Harry E. Claiborne, United States District Judge, for the District of Nevada, sitting by designation.

In 1968 Congress adopted 5 U.S.C. § 8191,[1] which extended the benefits of the Federal Employees Compensation Act to state and local law enforcement officers who are injured while engaged in the apprehension of persons committing federal crimes. The purpose for enacting section 8191 was to provide such injured local law enforcement officers with the same benefits as are available to federal employees under the Federal Employees Compensation Act. *See* H.R.Rep. No. 567, 90th Cong. 2d Sess. 1, *reprinted in* [1968] U.S.Code Cong. & Admin.News p. 1877. A companion section, 5 U.S.C. § 8192, provides that the benefits received should be reduced by the amount of benefits paid by state or local governmental sources, including workmen's compensation benefits. 5 U.S.C. § 8192(a).[2]

The parties have not cited to us any cases dealing with section 8191, nor have we found any such cases. As a general rule, however, workmen's compensation statutes terminate common law tort liability and substitute a duty to pay a prescribed amount not based on fault. *Reep v. United States*, 557 F.2d 204, 207 (9th Cir. 1977); *Murray v. United States*, 132 U.S.App.D.C. 91, 94, 405 F.2d 1361, 1364 (1968). Moreover, where a compensation statute reasonably and fairly covers a particular group of workers, it presumably constitutes the exclusive remedy protecting that group and preempts any general tort recovery statute. *Brown v. General Services Administration*, 425 U.S. 820, 834–35, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1975); *United States v. Demko*, 385 U.S. 149, 152, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). We find, therefore, that with the enactment of section 8191, and the extension of the comprehensive benefits of the Federal Employees Compensation Act to non-federal officers, the Act provides the exclusive remedy for injuries suffered by such officers while participating in federal law enforcement activities.

As subrogee, the City stands in the place of Hoover and can recover only what Hoover himself could have recovered. *United States v. Munsey Trust*, 332 U.S. 234, 242, 67 S.Ct. 1599, 91 L.Ed. 2022 (1946); *Community Nat'l. Bank v. Fidelity & Deposit Co.*, 563 F.2d 1319, 1323 n.5 (9th Cir. 1977); *Preferred Insurance Co. v. United States*, 222 F.2d 942, 946–47 (9th Cir. 1955). Because the Federal Employees Compensation Act provides Hoover's exclusive remedy, it necessarily follows that the Act furnishes his subrogee's sole remedy. Any possible claims of the City must be brought under that Act. Since the City has no cause of action against the United States under the Federal Tort Claims Act, it would have been futile for the City to file a second

---

1. 5 U.S.C. § 8191 provides in pertinent part:
   "The benefits of this subchapter are available as provided in this subchapter to eligible law enforcement officers . . . . For the purposes of this subchapter, an eligible officer is any person who is determined by the Secretary of Labor in his discretion to have been on any given occasion—
   (1) a law enforcement officer and to have been engaged on that occasion in the apprehension or attempted apprehension of any person—
   (A) for the commission of a crime against the United States,

   .     .     .     .     .

   and to have been on that occasion not an employee as defined in section 8101(1), and to have sustained on that occasion a personal injury for which the United States would be required under subchapter I of this chapter [5 U.S.C. § 8101 *et seq.*] to pay compensation if he had been on that occasion such an employee engaged in the performance of his duty. . . ."

2. 5 U.S.C. § 8192(a) provides:
   "The Secretary of Labor shall furnish to any eligible officer the benefits to which he would have been entitled under subchapter I of this chapter [5 U.S.C. § 8101 *et seq.*] if, on the occasion giving rise to his eligibility, he had been an employee as defined in section 8101(1) engaged in the performance of his duty, reduced or adjusted as the Secretary of Labor in his discretion may deem appropriate to reflect comparable benefits, if any, received by the officer (or which he would have been entitled to receive but for this subchapter) by virtue of his actual employment on that occasion. When an enforcement officer has contributed to a disability compensation fund, the reduction of Federal benefits provided for in this subsection is to be limited to the amount of the State or local government benefits which bears the same proportion to the full amount of such benefits as the cost or contribution paid by the State or local government bears to the cost of disability coverage for the individual officer."

amended complaint substituting party defendants. In such circumstances, it was not an abuse of discretion to deny leave to file the amended complaint. *Smith v. Air Force Accounting and Finance Center*, 555 F.2d 234, 235 (9th Cir. 1977). We hold that summary judgment was properly granted against the City in its suit under the Federal Tort Claims Act.

Our affirmance of the summary judgment on the City's federal claim means that we need not reach the question of whether Kinney can be joined in this suit under pendent or ancillary jurisdiction. Dismissal of the federal claim before trial warranted the dismissal of the City's state law claim as well. *United Mine Workers v. Gibb*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965).

For the foregoing reasons, the judgment of the district court is AFFIRMED.