**HERITAGE HILLS FELLOWSHIP and Mark and Doris Culbertson, Plaintiffs,**

v.

**Thomas O. PLOUFF, Defendant,**

and

**HERITAGE HILLS FELLOWSHIP, Mark and Doris Culbertson, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

and

**Mark and Doris CULBERTSON, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE and Charles Parks, District Director, Defendants.**

and

**HERITAGE HILLS FELLOWSHIP, Heritage Hills Word of Faith Fellowship, Mark and Doris Culbertson, Jennifer Culbertson, a Minor, Plaintiffs,**

v.

**EIGHT OR MORE UNKNOWN AGENTS OF INTERNAL REVENUE SERVICE, United States Postal Service Inspection, et al., Defendants.**

Nos. 82–40538, 82–48382, 82–40398 and 82–40537.

United States District Court, E.D. Michigan, S.D.

Feb. 1, 1983.

Mark Culbertson, in pro. per.

Marc L. Goldman, Asst. U.S. Atty., Flint, Mich., Edward J. Snyder, J. Brian Ferrel, Robert L. Gordon, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

## I FACTS

Before the Court are motions to dismiss in the following cases: *Heritage Hills Fellowship and Mark and Doris Culbertson v. United States of America,* # 82–40382; *Mark and Doris Culbertson v. Internal Revenue Service and Charles Parks,* # 82–40398; *Heritage Hills v. Eight Unknown Agents,* # 82–40537; *Heritage Hills Fellowship v. Thomas O. Plouff,* # 82–40538. It is noted that the *Plouff* case was transferred from Judge Anna Taylor to this Court by order signed January 20, 1983.

Apart from the *Plouff* case, plaintiffs have advanced the same basic claim for damages for the alleged statutory violations and constitutional torts that occurred when the Justice Department and Internal Revenue Service concluded an investigation of plaintiffs' civil and criminal tax liability for the 1980–1982 period. In *Plouff,* plaintiffs seek damages for alleged libel committed by Justice Department attorney Thomas Plouff. Plaintiffs allege that Mr. Plouff's pleadings and motion contain libelous statements about plaintiffs. The government has filed motions to dismiss in the four cases. The Court will decide these motions in this opinion.

The Court has noted that plaintiffs' motions and papers are signed by Mark Culbertson. Throughout the various lawsuits, Mr. Culbertson has filed excessive and arguably improper papers with the Court. Accordingly, the Court has asked Mr. Culbertson to show cause as to why he should not be permanently enjoined from filing actions in this court. The Court will also decide the injunction issue in this opinion.

## II LEGAL ANALYSIS

A. Motion to Dismiss in *Heritage Hills Fellowship v. Thomas O. Plouff,* # 82–40538

■ Plaintiffs' complaint in *Plouff* alleges that Justice Department attorney Thomas Plouff committed libel against plaintiffs by the inclusion of certain remarks and comments in an Eastern District lawsuit then numbered # 82–72312. It is not relevant to this motion that # 82–72312 was later transferred to Flint and renumbered.

The Court must GRANT the government's motion to dismiss. There is an absolute privilege against libel with respect to statements made by counsel in the conduct of a lawsuit. *See Bennett v. Attorney General,* 65 Mich.App. 203, 237 N.W.2d 250 (1975); *Sanders v. Leeson Air Conditioning,* 362 Mich. 692, 108 N.W.2d 761 (1961); *Ginsburg v. Black,* 192 F.2d 823 (CA7, 1951). Accordingly, whether this action is considered under the Federal Tort Claims Act or pure constitutional tort analysis, it is clear that plaintiff has failed to state a claim upon which relief can be granted. Thus, the Court hereby GRANTS the government's motion to dismiss *Heritage Hills Fellowship v. Plouff,* # 82–40538.

B. Motion to Dismiss in *Heritage Hills Fellowship v. U.S.A.,* # 82–40382

The government has filed a motion to dismiss in *Heritage Hills Fellowship v. U.S.A.,* # 82–40382 contending that this court lacks subject matter jurisdiction.

Pro per plaintiffs have asserted that defendant United States has engaged in an investigation of plaintiffs' civil and criminal tax liability for the purpose of harassing plaintiffs and depriving plaintiffs of their First Amendment rights to free speech and freedom of religion. Plaintiffs have asserted the following bases of subject matter jurisdiction: the Federal Torts Claim Act (28 U.S.C. § 2671); 28 U.S.C. § 1361; 26 U.S.C. § 7217. The Court will now consider whether the government has successfully attacked the various bases of jurisdiction.

■ The sovereign immunity of the United States is generally waived with respect to tort actions pursuant to the waiver contained in the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 2674. *See also United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The general waiver, however, is subject to the exceptions contained in 28 U.S.C. § 2680.

■ The applicable exception in the instant case is 28 U.S.C. § 2680(c). Section 2680(c) provides that the sovereign immunity waiver is inapplicable to "any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer."

The section 2680(c) exception is broad enough to encompass investigations and communications to third parties regarding a person or a group of persons' tax liability. *See Cook v. United States,* 521 F.2d 875 (CA9, 1975); *Capozzoli v. Tracey,* 663 F.2d 654 (CA9, 1981); *Krouse v. Treasury Department,* 380 F.Supp. 219 (C.D.Calif.1974). It thus follows that plaintiffs' action falls within the section 2680(c) exception. Hence, the Federal Tort Claims Act is not a jurisdictional basis for this lawsuit.

■ The second jurisdictional basis advanced by plaintiffs is *26 U.S.C. 7217.* The statute provides as follows: "Whenever any person knowingly, or by reason of negligence, discloses a return or return information (as defined in section 6103(b) with respect to a taxpayer in violation of the provisions of section 6103, such taxpayer may bring a civil action for damages against such person, and the district courts of the United States shall have jurisdiction of any action commenced under the provisions of this section."

The letter and legislative history of this section clearly indicate that the word "person" was not intended to include the United States. *See Haggard v. Carter,* 30 AFTR 2d 82–5023 (N.D.Ill.) attached to government's brief at docket entry # 5. Thus, since the government has not consented to suit under section 7217, that section cannot be the jurisdictional basis of this action.

■ The final jurisdictional ground advanced by plaintiffs is the mandamus statute, 28 U.S.C. § 1361. This statute vests the federal courts with jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff. Mandamus is appropriate only where the defendant owes a clear duty to the plaintiff. *United States v. Helvering.* Obviously, plaintiffs are owed no such duty in the instant case. Accordingly, the mandamus argument is frivolous and must be rejected.

■ The Court would also note that a *Bivens* constitutional tort theory is inapplicable to this action. *Bivens* cannot abrogate the sovereign immunity of the United States nor of a federal agency. *See City of Whittier v. Department of Justice,* 598 F.2d 561 (CA9, 1979); *Gnotta v. United States,* 415 F.2d 1271 (CA2, 1964). Instead, *Bivens* is applicable only where an individual officer or group of officers is sued. *See Beller v. Middendorf,* 632 F.2d 788 (CA9, 1980).

In light of the above, it is clear that this Court lacks subject matter jurisdiction over this case. Accordingly, the Court hereby GRANTS the government's motion to dismiss # 82–40382.

C. Government's Motion to Dismiss in *Culbertson, et al., v. IRS and Charles Parks,* # 82–40398

In # 82–40398, plaintiffs Mark and Doris Culbertson have sued the IRS and Charles Parks, District Director of the IRS, asserting four claims: that Plaintiffs' Privacy Act and First Amendment rights were violated by the government's investigation of plaintiffs' civil and criminal tax liability; that the government violated plaintiffs' Privacy Act rights by refusing to amend plaintiffs' IRS records; that plaintiffs are entitled to a refund of their 1981 taxes because of a wrongful IRS deficiency finding; and that plaintiffs have been "damaged" because the IRS asked them to voluntarily extend the statute of limitations on assessment for the year 1979.

The government has moved to dismiss this case. In analyzing the government's motion, the Court will consider each of plaintiffs' claims as directed against each of the two defendants. The claims advanced against the IRS will be considered first.

On August 26, 1982, the Clerk of the Court entered judgment for the IRS in *Culbertson v. IRS et al.,* # 81–40342. *See* docket entry # 31 in # 81–40342. On September 22, 1982, plaintiffs filed the present action. The factual transactions of # 81–40342 were alleged to be the government's investigation of plaintiffs' civil and criminal tax liability including interviews with members of plaintiffs' religious group conducted by government agents; the IRS's refusal to amend plaintiffs' tax records; and the IRS's retention of various records concerning plaintiffs.

■ The Court finds that plaintiffs' first two claims against the IRS have already been litigated in # 81–40342. Consequently, these claims and all possible theories arising therefrom are precluded by the judgment entered on August 26, 1982. *See generally Westwood Chemical Co. v. Kulick,* 656 F.2d 1224 (CA6, 1981). Therefore, the Court grants the government's motion to dismiss plaintiffs' first two claims on the basis of the res judicata doctrine. *See also Castorr v. Brundage,* 674 F.2d 531 (CA6, 1982).

■ Plaintiffs' third claim is that they are entitled to a refund of income tax, penalties and interest allegedly paid for 1981. Plaintiffs allege that the IRS erroneously assessed a tax deficiency against them in June of 1982, and thus they are entitled to a refund. Under 26 U.S.C. § 7422(a), a complaint seeking a refund may not be filed until a claim for the refund has been filed with IRS. Filing such a claim is a jurisdictional prerequisite to a tax refund action. *See Bohn v. United States,* 467 F.2d 1278 (CA8, 1979); *United States v. Rochelle,* 363 F.2d 225 (CA5, 1966).

Plaintiffs have failed to allege that they filed a tax refund claim with the Secretary. Therefore, the tax refund claim must be dismissed against the IRS.

■ Plaintiffs' fourth claim is that they have been "damaged" because the IRS has asked them to extend the statute of limitations for the year 1979. Plaintiffs neither assert a jurisdictional basis nor a legal theory in connection with this claim. Liberally construing this pro se claim, the Court notes that plaintiffs seem to be saying that the IRS's request is a veiled attempt to prevent plaintiffs from filing a suit against the government. *See* ¶¶ 27 and 28 of the complaint at docket entry # 1. The only possible constitutional tort at issue is the violation of the right of access to the courts as guaranteed by the equal protection component of the due process clause of the Fifth Amendment. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). But since sovereign immunity blocks a *Bivens* constitutional tort action against a federal agency, there can be no constitutional tort claim against the IRS. *See City of Whittier v. Department of Justice,* 598 F.2d 561 (CA9, 1979). Furthermore, any conceivable tort claim under the Federal Torts Claims Act is precluded by 28 U.S.C. § 2680(c) discussed earlier in connection with # 82–40382. Thus, plaintiffs' fourth claim against the IRS must be dismissed. Indeed, the government's motion to dismiss is GRANTED as to the IRS.

The Court now considers plaintiffs' claims as directed toward defendant Charles Parks, district director of the IRS.

The basic issue as to plaintiffs' first two claims against defendant Parks is whether the claims are barred by the doctrine of res judicata. It must be noted that in # 81–40342 Charles Parks was not a defendant. Instead, the defendant was the *acting* district director, Paul Thornton. This raises a mutuality issue as to whether defendant Parks can utilize res judicata and thus benefit by the August 19, 1982 summary judgment entered in favor of defendant Thornton and defendant IRS.

■ In recent years, the federal judiciary has abandoned the doctrine of mutuality. Accordingly, a non party to the first action can, under certain circumstances, obtain res judicata benefits in a second action based on the judgment in the first action. *See Patrick v. South Central Bell Telephone,* 641 F.2d 1192 (CA6, 1980); *Mooney v. Central Motor Lines,* 222 F.2d 572 (CA6, 1955). It is noted that use of non-mutual

res judicata is much more prevalent in defensive res judicata than in offensive res judicata. *See* Wright & Miller, *Federal Practice & Procedure* § 4464.

■ In determining whether to apply non-mutual defensive claim preclusion, the following factors must be considered: whether plaintiff chose the forum in the first action; whether the Court failed to grasp technical litigation theories in the first action; whether plaintiff was deprived of the use of evidence in the first action; and the Court's sense of equity after considering all the circumstances. *See* Restatement of Judgments 2d § 88. *Miller Brewing Co. v. Schlitz Brewing Co.* 605 F.2d 990 (CA7, 1979).

■ Applying these factors to the instant case, it is clear that defendant Parks should benefit from the defensive non-mutual application of res judicata. Plaintiff indeed chose the forum in the first action in the Federal Court for the Eastern District of Michigan. Choice of forum in this sense does not mean choice of administrative unit forum within the same district. Therefore, plaintiffs' complaints about having to drive to the Flint Administrative Unit will not avail. The point is that in # 81–40342 plaintiffs had and took advantage of the opportunity to file a federal court action in this district.

The Court did not fail to grasp technicalities in the first action. Hardly! The first action was based on the Privacy Act, the Freedom of Information Act and constitutional tort doctrine. The Court has adequate experience with these fields of law. Furthermore, it must be noted that failure to grasp technical points of law generally occurs in complex engineering-oriented litigation such as patent law or trade infringement law. *See* discussion in *Miller Brewing Co. v. Schlitz Brewing Co.,* 605 F.2d 990 (CA7, 1979).

Plaintiffs were not deprived of the use of evidence in # 81–40342. Although later orders in later actions restricted discovery, plaintiffs had an adequate opportunity to amass and utilize evidence in # 81–40342.

Finally, the Court's sense of equity definitely goes toward applying res judicata as to plaintiffs' first two claims. If a litigant ever had the opportunity to assert a claim it is Mark Culbertson. Up to now, Mr. Culbertson has filed five actions in this district containing over a hundred motions and papers. Indeed, after the August 19, 1982 summary judgment opinion, Mr. Culbertson, *on his own motion,* abandoned # 81–40342. *See* docket entry # 45. Finally, the Court notes that it would have been a very simple matter to join Mr. Parks as a defendant in # 81–40342. And this also cuts in favor of preclusion. *See Parklane Hosiery v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Thus, the Court will apply res judicata to plaintiffs' first two claims against defendant Parks.

Plaintiffs' third claim against defendant Parks must be dismissed for the same reason that it was dismissed against defendant IRS. Plaintiffs have failed to file a claim with the IRS seeking a refund as required by 26 U.S.C. § 7422(a).

■ Plaintiffs' fourth claim also must be dismissed against defendant Parks. Paragraph 5 of the complaint clearly indicates that defendant Parks is "responsible for activities of subordinates." Thus, plaintiffs' *Bivens* action against defendant Parks is based on the theory of respondeat superior liability. But this theory has been explicitly rejected in both *Bivens* actions and 42 U.S.C. § 1983 actions. *See Jones v. City of Memphis,* 586 F.2d 622 (CA6, 1978); *Hays v. Jefferson County,* 668 F.2d 869 (CA6, 1982). Thus, the fourth claim is subject to dismissal if it is advanced as a *Bivens* theory.

Furthermore, the fourth claim is subject to dismissal if it is advanced as a Federal Tort Claims Act claim. This follows from the discussion of the 28 U.S.C. § 2680(c) exception to the Federal Torts Claim Act as rendered earlier in this opinion. In sum, the Court must grant the government's motion to dismiss as to all claims advanced by plaintiffs against both defendant IRS and defendant Parks. This case is thus DISMISSED.

### D. Government's Motion to Dismiss Heritage Hills, et al. v. Eight Unknown Agents, # 82–40537

The government has filed a motion to dismiss in *Heritage Hills v. Eight Unknown Agents,* # 82–40537. The government contends that # 82–40537 should be dismissed because it is duplicative and harassing.

The Court agrees that the government's motion to dismiss must be granted. In # 82–40537, plaintiff has alleged that various government officials harassed him and violated his constitutional rights during the 1980–1982 tax investigation. Plaintiffs have thus once again asserted a *Bivens* action—this time against various IRS and postal service employees.

To the extent that plaintiff seeks to impose liability on defendant Parks, this action is precluded by conventional mutual res judicata. Plaintiffs also, however, seek to impose *Bivens* liability on other government officials.

In connection with the portion of this opinion granting the motion to dismiss plaintiffs' Privacy Act and FOIA claims against defendant Parks, this Court discussed the applicability of the doctrine of non-mutual res judicata.

The Court did not, however, dismiss the *Parks* (# 82–40398) *Bivens* claim on the ground of res judicata. Instead, the Court dismissed the *Bivens* action by way of the rule against *Bivens* respondeat superior liability.

It should be noted that res judicata would not have been appropriate with respect to the *Bivens* claim against defendant Parks. In # 81–40342, the Court had denied without prejudice the government's motion for summary judgment on plaintiffs' *Bivens* claim advanced against defendant District Director Thornton. The Court had made it clear that the government had the opportunity to file another motion for summary judgment showing that there was no genuine issue of fact as to the government's lack of motivation to suppress plaintiffs' religion freedom. *See* docket entry # 29, # 81–40342.

Prior to the hearing on the government's subsequent motion for summary judgment, plaintiffs voluntarily dismissed # 81–40342. Since # 81–40342 was plaintiffs' first action, and since the Court's order of dismissal did not provide that dismissal was with prejudice, Rule 41(a)(2) of the Federal Rules of Civil Procedure would indicate that the voluntary dismissal of the *Bivens* claim was without prejudice.

The voluntary dismissal in # 81–40342 was entered on August 26, 1982; on September 22, 1982, plaintiff filed # 82–40392 naming the IRS and Mr. Parks as defendants and asserting constitutional torts against Parks. On November 23, 1982, plaintiffs filed # 82–40537—the present action.

As was mentioned above, the Court has dismissed the claim against defendant Parks for failure to state a claim upon which relief can be granted. This dismissal followed from the fact that plaintiffs sought to impose *Bivens* respondeat superior liability on defendant Parks.

Modern res judicata accords preclusive effect to a dismissal for failure to state a claim upon which relief can be granted. *See Federated Department Stores v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Teltronics Services v. L M Ericsson Telecommunications,* 642 F.2d 31 (CA2, 1981). It thus follows that the res judicata blocks the present action absent a mutuality defense to the res judicata theory.

Strict mutuality, of course, would block res judicata here because the "Eight Unknown Agents" defendants were not defendants in # 81–40392. Earlier in this opinion, the Court discussed why non mutuality was applicable to the Privacy Act and FOIA claims asserted against defendant Parks. The same policy considerations obtain with respect to the *Bivens* claims in this case. There simply was no reason why plaintiffs could not have asserted these claims in # 81–40398 against the Eight Unknown Agents. Plaintiffs simply cannot hop from judge to judge bringing actions

against different defendants arising out of the same transaction. Such behavior is utterly at odds with the judicial repose policy of res judicata. Accordingly, the Court hereby GRANTS defendants' motion to dismiss in # 82–40537.

### D. The Court's January 12, 1983 Show Cause Order

On January 12, 1983, the Court entered a Show Cause Order in # 82–40398. The order required plaintiffs to show cause why this Court should not enjoin plaintiffs from filing further actions arising from the tax investigation or from the rulings of this Court.

 Clearly, under 28 U.S.C. § 1651, this Court—like all federal courts—has the power to permanently enjoin the filing of repetitive and harassing lawsuits. *See Lacks v. Fahmi,* 623 F.2d 254 (CA2, 1980); *Harrelson v. United States,* 613 F.2d 114 (CA5, 1980).

 Not only has Mark Culbertson repeatedly filed actions asserting the same claim, he also has far exceeded the limits of dignity and decency in the papers filed with the Court. It must be said that this Court is familiar with and sympathetic toward the typical pro se litigant ignorant of the law but earnestly seeking redress for an alleged human rights violation. Such claims must and should be liberally construed by the federal courts. *See Toins v. Ignash,* 534 F.Supp. 452 (E.D.Mich., 1982).

But Mr. Culbertson simply is not a sympathetic figure. A look through the files of the five cases filed in this court reveals that Mr. Culbertson's motions and papers have at various times been personally insulting and abusive to individual defendants, *see* docket entry # 21 in # 81–40342; profane, *see* exhibit 1 to docket entry # 1; insulting and mocking toward the Court's rulings, *see* exhibits attached to docket entry # 18 in # 82–40398; insulting and disrespectful toward individual judges, *see* exhibits attached to docket entry # 18 in # 82–40398. Furthermore, recent papers contain references to plaintiff's conversations with Jesus Christ and diary entries concerned entirely with Mark Culbertson's religious experiences. *See* docket entry # 23 in # 82–40398.

It is also noted that Mr. Culbertson has basically the same set of claims in four of the actions filed with this Court. In addition, Mr. Culbertson is wont to file successive repetitive motions in his cases thus generating unnecessary time outputs from the Court.

Taking the above circumstances into account, the Court is compelled to act. Accordingly, the Court hereby orders Mark and Doris Culbertson to cease filing lawsuits against the government, government officers, and this Court in connection with the events surrounding the government's investigation of Mr. Culbertson's tax liability. It must be noted that Mr. Culbertson may not sue any of the above entities in response to this Order. If Mr. Culbertson believes the Order is erroneous, he is to file an appeal rather than a new lawsuit.

The Court will enter an order memorializing the permanent injunction set out above. Hopefully, the order will put an end to the vexatious litigation of Mr. Culbertson that has taken up so much of the Court's time. If, however, Mr. Culbertson chooses to file new lawsuits and thereby defy this Court, the government is ordered to file a petition to cite Mr. Culbertson for contempt.

An experienced attorney would of course understand the gravity of a contempt citation, but pro se Culbertson may not. So the Court will be crystal clear. If Mark Culbertson defies this order, he faces the possibility of a fine and/or imprisonment as punishment for contempt of court.

IT IS SO ORDERED.